Curia, per O’Neall, C. J.
In this case, the principles settled in Stoney vs. Beaubien, 2 McM. 313; Cockerell vs. Milling, 1 Strob. 444; Devore vs. Munday, 4 Strob. 15; Baker vs. Scott, 5 Rich. 305, and Carpenter vs. Oaks, 10 Rich. 18, fully sustain the ruling of the Judge below.
After the note was drawn payable to the order of Robert McCreary, the plaintiff, by Mood the maker, the defendant wrote his name on the back. This made the case very similar to Stoney vs. Beaubien, and when the further facts are added, that it was intended by Mood and McCreary that there should be a surety to the note, and that when Mood delivered the note to McCreary, the defendant’s name was upon it, the cases are almost identical. Eor there the object of Zealy was to raise money, his note was not due, and was drawn payable to Stoney or order, from whom he expected to get the money. Beaubien wrote his name on it, and he was treated as a maker. The same result must be here for the note of Mood was not due, was payable to the order of McCreary, and surety was to be obtained; the defendant wrote his name upon it, and like Beaubien, he must be treated as a maker.
Eor, let it be asked, why did he write his name upon a note not payable to him, and in which he had no interest ? The answer must be, that that was either a nugatory act, or he *557 intended to give credit to the paper. The latter must be the conclusion.
That McCreary, afterwards wrote his name above Bird’s, to have the note discounted in Bank, sufficiently explains the circumstance that his name is first, and he might have struck his narqie out.
The Judge below did more for the defendant than he was entitled to. He left it to the jury to say whether' the defendant intended to make himself liable differently from second endorser.
Notwithstanding this advantage, they found for the plaintiff, thus fixing his liability in fact, as well as in law.
The motion is dimissed.
Johnston and Wakdlaw, JJ., concurred.

Motion dismissed.